# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):  Hyla B Griffin                                    Case No:  16-35977

This plan, dated __December 20, 2016__, is:

- ■ the *first* Chapter 13 plan filed in this case.
- ☐ a modified Plan, which replaces the
  ☐confirmed or ☐unconfirmed Plan dated .

  Date and Time of <u>Modified Plan</u> Confirming Hearing:

  Place of <u>Modified Plan</u> Confirmation Hearing:

  The Plan provisions modified by this filing are:

  Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$5,080.00**
    Total Non-Priority Unsecured Debt: **$390,113.00**
    Total Priority Debt: **$0.00**
    Total Secured Debt: **$39,201.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$815.00 Monthly for 60 months.** Other payments to the Trustee are as follows: __NONE__ . The total amount to be paid into the plan is $__48,900.00__ .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $__4,950.00__ balance due of the total fee of $__5,200.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| Nmac | 2016 Nissan Altima | Opened 6/04/16<br>Last Active 11/26/16 | 29,759.00 | 20,000.00 |

    B. **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Exeter Finance Corp | 2002 Toyota Camry (used by Debtor's cousin; cousin will make all payments) | 0.00 | 19,201.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**C.    Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Nmac | 2016 Nissan Altima | 549.00 | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.    Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| Nmac | 2016 Nissan Altima | 29,759.00 | 4% | Prorata 46 months |

**E.    Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.    Unsecured Claims.**

**A.    Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __1__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

**B.    Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| Rock Creek, L.C. | lease - Debtor owes the Dec. rent payment of $742.00; this will be paid by the Chapter 13 trustee, Debtor to resume payments beg. with Jan. '17 payment | Paid 100% |

Page 3of 8

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | -NONE- | | | | | | |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

   | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
   |---|---|---|---|---|
   | -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

   | Creditor | Type of Contract |
   |---|---|
   | -NONE- | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

   | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
   |---|---|---|---|---|
   | -NONE- | | | | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

Signatures:

Dated: December 20, 2016

/s/ Hyla B Griffin  
Hyla B Griffin  
Debtor

/s/ David K. Spiro  
David K. Spiro  
Debtor's Attorney

Exhibits:   Copy of Debtor(s)' Budget (Schedules I and J);  
Matrix of Parties Served with Plan

Certificate of Service

I certify that on **December 20, 2016**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ David K. Spiro**
**David K. Spiro**
Signature

**6802 Paragon Place**
**Suite 410**
**Richmond, VA 23230**
Address

**804-441-6080**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Fill in this information to identify your case:

Debtor 1: **Hyla B Griffin**

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number (If known): 16-35977

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

Official Form 106I
# Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | CNA | |
| Employer's name | Veteran's Administration | |
| Employer's address | 1201 Broad Rock Blvd.<br>Richmond, VA 23224 | |
| How long employed there? | 7 mo.s | |

## Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 3,490.00 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ N/A |
| 4. | Calculate gross Income. Add line 2 + line 3. | 4. $ 3,490.00 | $ N/A |

Official Form 106I                          Schedule I: Your Income                          page 1

Debtor 1  Hyla B Griffin                                         Case number (if known) 16-35977

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 3,490.00 | $ N/A |

5. List all payroll deductions:

| | | | | |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. $ | 882.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. $ | 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. $ | 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. $ | 0.00 | $ N/A |
| 5e. | Insurance | 5e. $ | 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. $ | 0.00 | $ N/A |
| 5g. | Union dues | 5g. $ | 34.00 | $ N/A |
| 5h. | Other deductions. Specify: dental | 5h.+ $ | 81.00 + | $ N/A |

6. Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6. $ 997.00    $ N/A

7. Calculate total monthly take-home pay. Subtract line 6 from line 4.    7. $ 2,493.00    $ N/A

8. List all other income regularly received:
   8a. Net income from rental property and from operating a business, profession, or farm
       Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a. $ 0.00    $ N/A
   8b. Interest and dividends    8b. $ 0.00    $ N/A
   8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive
       Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c. $ 0.00    $ N/A
   8d. Unemployment compensation    8d. $ 0.00    $ N/A
   8e. Social Security    8e. $ 0.00    $ N/A
   8f. Other government assistance that you regularly receive
       Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
       Specify: _____    8f. $ 0.00    $ N/A
   8g. Pension or retirement income    8g. $ 0.00    $ N/A
   8h. Other monthly income. Specify: _____    8h.+ $ 0.00 +    $ N/A

9. Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9. $ 0.00    $ N/A

10. Calculate monthly income. Add line 7 + line 9.
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.    10. $ 2,493.00 + $ N/A = $ 2,493.00

11. State all other regular contributions to the expenses that you list in Schedule J.
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
    Specify: _____    11. +$ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
    Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies    12. $ 2,493.00
    Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?
    ■ No.
    ☐ Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1: Hyla B Griffin

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number (If known): 16-35977

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____ MM / DD / YYYY

Official Form 106J
## Schedule J: Your Expenses     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?

   ■ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?
   
   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?   ■ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes. Fill out this information for each dependent.............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No / ☐ Yes |
   | _____ | _____ | ☐ No / ☐ Yes |
   | _____ | _____ | ☐ No / ☐ Yes |
   | _____ | _____ | ☐ No / ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?
   ■ No
   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 742.00 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 16.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 20.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ 0.00 |

Official Form 106J    Schedule J: Your Expenses    page 1

| Debtor 1 | Hyla B Griffin | Case number (if known) | 16-35977 |
|---|---|---|---|

6. **Utilities:**
   6a. Electricity, heat, natural gas     6a. $ 70.00
   6b. Water, sewer, garbage collection     6b. $ 20.00
   6c. Telephone, cell phone, Internet, satellite, and cable services     6c. $ 45.00
   6d. Other. Specify:     6d. $ 0.00
7. **Food and housekeeping supplies**     7. $ 200.00
8. **Childcare and children's education costs**     8. $ 0.00
9. **Clothing, laundry, and dry cleaning**     9. $ 50.00
10. **Personal care products and services**     10. $ 50.00
11. **Medical and dental expenses**     11. $ 150.00
12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.     12. $ 120.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books**     13. $ 20.00
14. **Charitable contributions and religious donations**     14. $ 40.00
15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.
   15a. Life insurance     15a. $ 0.00
   15b. Health insurance     15b. $ 0.00
   15c. Vehicle insurance     15c. $ 80.00
   15d. Other insurance. Specify:     15d. $ 0.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify:     16. $ 0.00
17. **Installment or lease payments:**
   17a. Car payments for Vehicle 1     17a. $ 0.00
   17b. Car payments for Vehicle 2     17b. $ 0.00
   17c. Other. Specify:     17c. $ 0.00
   17d. Other. Specify:     17d. $ 0.00
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).**     18. $ 0.00
19. **Other payments you make to support others who do not live with you.**
Specify:     19. $ 0.00
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
   20a. Mortgages on other property     20a. $ 0.00
   20b. Real estate taxes     20b. $ 0.00
   20c. Property, homeowner's, or renter's insurance     20c. $ 0.00
   20d. Maintenance, repair, and upkeep expenses     20d. $ 0.00
   20e. Homeowner's association or condominium dues     20e. $ 0.00
21. **Other: Specify:** misc.     21. +$ 50.00

22. **Calculate your monthly expenses**
   22a. Add lines 4 through 21.     $ 1,673.00
   22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2     $
   22c. Add line 22a and 22b. The result is your monthly expenses.     $ 1,673.00

23. **Calculate your monthly net income.**
   23a. Copy line 12 *(your combined monthly income)* from Schedule I.     23a. $ 2,493.00
   23b. Copy your monthly expenses from line 22c above.     23b. -$ 1,673.00

   23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*.     23c. $ 820.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
   ■ No.
   ☐ Yes.    Explain here:

CREDITOR

Ability Recovery Service
1 Montage Mountain Rd Ste A
Moosic, PA 18507-0000


Absolute Investment Group
8173 Old Hwy 21, Ste. 1
Port Wentworth, GA 31407-0000


Ashworth College
c/o Ability Recovery
P.O. Box 4262
Scranton, PA 18505-0000


AT&T
c/o Enhanced Recovery
8014 Bayberry Road
Jacksonville, FL 32256-0000


BB&T
200 W. 2nd Street
Winston Salem, NC 27101-0000


Ben Farmer School
c/o LCA Services
18 Park of Commerce Road
Savannah, GA 31405-0000


Bronco Fed. C. Union
135 Stewart Drive
Franklin, VA 23851-0000


Buddy's Home Furnishings
K&R RTO Ventures #414
866 U.S. 80
Pooler, GA 31322-0000


Capella Univ.
c/o ERS, Inc.
P.O. Box 9088
Woodridge, IL 60517-0000

Page 1

CREDITOR

Carfinsvces
59 Skyline Dr., Ste. 1700
Lake Mary, FL 32746-0000


Chandler Hospital
c/o Collectron
119 Southern Blvd.
Savannah, GA 31405-0000


Citizen National
11407 Windsor Blvd.
Windsor, VA 23487-0000


City of Franklin
P.O. Box 179
Franklin, VA 23851-0000


City of Suffolk
P.O. Box 1583
Suffolk, VA 23439-1583


Colonial Finance
223 Broughton Street
Augusta, GA 31401-0000


Cox Communications
c/o Credit Control Corp.
11821 Rock Landing Drive
Newport News, VA 23606-0000


Credit Central GA-04
7088 Hodgson Memorial Drive
Savannah, GA 31406-0000


Creditcentrl
7088 Hodgson Memorial Dr
Savannah, GA 31406-0000

CREDITOR

Dept Of Ed/Navient
Attn: Claims Dept
Po Box 9400
Wilkes Barr, PA 18773-0000


Dept of Ed/Navient
Claims Dept
Po Box 9400
Wilkes-Barr, PA 18773-0000


Dept. of Education / Sallie Ma
P.O. Box 9635
Wilkes Barre, PA 18773-0000


Effingham Health System
459 GA-119
Springfield, GA 31329-0000


Exeter Finance Corp
Po Box 166008
Irving, TX 75016-0000


First Premier Bank
601 S Minneaplois Ave
Dious FDalls, SD 57104-0000


First Premier Bankcard
c/o Monarch Recovery
10965 Decatur Road
Philadelphia, PA 19154-3210


Geo Vista Credit Union
271 GA-21
Rincon, GA 31326-0000


George Own Credit Union
c/o C.U. Recovery
26263 Forest Blvd.
Wyoming, MN 55092-8033

CREDITOR

Georgia Dept. of Revenue
P.O. Box 6004
Rome, GA 30162-0000


Georgia Emerg. Assoc.s
c/o PMAB, LLC
4135 Southstream Blvd., S. 400
Charlotte, NC 28217-4636


GMAC
c/o Firstpoint Collection Res
Roanoke, VA 24018-0000


Grand Furniture
3283 Western Branch Blvd.
Chesapeake, VA 23321-0000


GRIHYL
c/o Stallings & Bischoff
P.O. 1687
Virginia Beach, VA 23451-4160


Hampton Center Apartments
6001 Terrell Lane
Hampton, VA 23666-0000


Hampton City Treasurer
P.O. Box 3800
Hampton, VA 23663-3800


Langley Fed. Cr. Union
1055 W. Mercury Blvd.
Hampton, VA 23666-0000


Law Off. of Darrell T. Johnson
P.O. Box 1125
Hardeeville, SC 29927-1125

CREDITOR

Memorial Health Univ. Med.
c/o Mitchell Bluhm Law Office
2222 Texoma Pkwy, Ste 160
Sherman, TX 75090-0000


Mid Atlantic Finance
4592 Ulmerton Rd Ste 200
Clearwater, FL 33762-0000


Navient
Attn: Bankruptcy
Po Box 9500
Wilkes-Barr, PA 18773-0000


Navy Federal Credit Union
P.O. Box 3000
Merrifield, VA 22119-3000


Nmac
Po Box 660360
Dallas, TX 75266-0000


Optimum Outcomes, Inc
2651 Warrenville Rd Ste 500
Suite 400
Downers Grove, IL 60515-0000


Paul Camp Commun. College
c/o Transworld Systems
P.O. Box 15109
Wilmington, DE 19850-5618


Penn Foster
925 Oak Street
Scranton, PA 18515-0000


People's Bank
P.O. Box 1750
Paris, TX 75461-0000

CREDITOR

Ray's Auto Sales
119 W. 4th Ave.
Franklin, VA 23851-0000


Rgs Financial
1700 Jay Ell Dr  Ste 200 Ste
Richardson, TX 75081-0000


Rock Creek, L.C.
2830 Broad Rock Blvd., #04
Richmond, VA 23224-0000


S C Electric & Gas
I-26
Columbia, SC 29218-0000


Sallie Mae
Attn: Navient
Po Box 9500
Wilkes-Barr, PA 18873-0000


SCE&G
P.O. Box 100255
Columbia, SC 29202-0000


Security Finance
Centralized Bankruptcy
Po Box 1893
Spartanburg, SC 29304-0000


Security Financial
210 E. Main St.
Spartanburg, SC 29304-0000


Sentara Healthcare
c/o Optimum Outcomes
4524 Southlake Ln
Hoover, AL 35244-0000

CREDITOR

Southhampton County Treasurer
P.O. Box 8
Courtland, VA 23837-0000


Sprint
c/o I.C. Systems
P.O. Box 64378
Saint Paul, MN 55164-0000


Sprint
c/o West Asset Mgt.
7171 Mercy Road
Omaha, NE 68106-0000


Suntrust Bank
c/o Associated Credit Services
P.O. Box 5171
Westborough, MA 01581-5171


USCB Corp.
P.O. Box 75
Archbald, PA 18403-0000


Uscb Corporation
Po Box 75
Archbald, PA 18403-0000


Virginia Dept. of Taxation
P.O. Box 2369
Richmond, VA 23218-2369


William Griffin
P.O. Box 65
Rincon, GA 31326-0000